UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-00004-BR-LPL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | **ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| JOHN E. WETZEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Lisa Pupo Lenihan denying Plaintiff Eric X. Rambert's Motion for Leave to Proceed *in forma pauperis*. After reviewing the Report and Recommendation and Plaintiff's Objections, the Court ADOPTS the Report and Recommendation. The Court's reasoning follows.

On January 6, 2017, Rambert initiated this action by filing a Motion for Leave to Proceed *in forma pauperis*. (Doc. No. 1). Shortly thereafter, Magistrate Judge Lenihan issued the Report and Recommendation concluding that Rambert's Motion should be dismissed in accordance with 28 U.S.C. § 1915(g), or the "three strikes rule." The three strikes rule provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). As set forth in the Report and Recommendation, Rambert has accumulated the following three strikes: (1) *Rambert v. Barrett*, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed as legally frivolous on February 21, 1995; (2) *Rambert v. Horn, et al.*, No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure

to state a claim on December 5, 1997; and (3) *Rambert v. Lavan, et al.*, No. 4:03-cv-370-MM-DB (M.D. Pa.), which was dismissed for failure to state a claim on November 6, 2003. (Doc. No. 2, at 2-3). Magistrate Judge Lenihan additionally concluded that Rambert could not overcome the three strikes rule because he failed to show that he is in "imminent danger of serious physical injury." (*Id.*). In response, Rambert filed a "Notice of Appeal" that the Court will deem as Plaintiff's Objections to the Report and Recommendation. (Doc. No. 3). In that response, Rambert stated "its no need to File Objections, its just a Third Degree Master Mason Ceremony that provides the basis to search for 'that which we have lost,' '<u>Slavery</u>!'" (*Id.*) (emphasis in original).

Even if the Court assumed that Rambert's objection triggered *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C) (2012), which it certainly does not, the Court need not disturb Magistrate Judge Lenihan's conclusions. The record shows that Rambert has accumulated three strikes and that he is not in imminent danger of serious physical injury.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court **ADOPTS** the Report and Recommendation;
2. The Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*;
3. The Court **DISMISSES** this action until Plaintiff pays the full $400.00 filing fee;
4. This case is **CLOSED**; and
5. The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED.**

Dated: May 1, 2017

*[signature]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE